IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 09-0072-KD-B |
| HORIZON WHOLESALE FOODS, LLC, WARREN DAY, LEONARD L. GILBERT, and JEFFREY F. PARR, ) ) ) ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff Wachovia Bank, N.A. ("Wachovia")'s Motion for Summary Judgment (Doc. 19), which is unopposed.[1] For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Doc. 22) is **GRANTED** and Defendants are found jointly and severally liable to Wachovia for the $100,000 principal debt, $1,034.64 in miscellaneous fees, $6,399.32 accrued interest plus additional interest accruing at the per diem rate of $20.14 from August 19, 2009 through the date of this Court's Judgment, and reasonable attorneys' fees and collection/enforcement expenses.

**I.      Background**

Plaintiff initiated this litigation by filing a Complaint in this Court on February 13, 2009 (Doc. 1) and an Amended Complaint on March 26, 2009 (Doc. 11). Wachovia alleged that

---

[1] Per this Court's order of September 2, 2009 (Doc. 22), Defendants' responses to the instant motion were due on or before September 21, and the motion was set to be taken under submission on October 2. The deadline has passed, and Defendants have filed no response to Plaintiff's summary judgment motion.

Defendants were liable for breach of contract arising from Horizon Wholesale Foods, LLC ("Horizon" or "Borrower")'s default upon a $100,000 revolving line of credit ("the Loan") that was personally guaranteed by Warren Day, Leonard L. Gilbert, and Jeffrey F. Parr (collectively, the "Guarantors"), each of whom is also a member of Horizon. (Docs. 11, 12). This Court's jurisdiction obtains pursuant to 28 U.S.C. § 1332. (Id.).

The existence and terms of the Loan are evidenced by a Promissory Note dated March 30, 2005, a copy of which Plaintiff attached to the instant motion. See Doc. 21, Exh. A. The Promissory Note provides that the note shall be due and payable, including all principal and accrued interest "on demand." (See Doc. 21, Exh. A at 2). ("Repayment Terms").

Also attached to the motion are three documents, each labeled "Unconditional Guaranty," and each dated March 30, 2005. Exhibit B to the motion is an "Unconditional Guaranty" executed by Warren Day, Exhibit C is an "Unconditional Guaranty" executed by Leonard L. Gilbert, and Exhibit D is an unconditional guaranty executed by Jeffrey Parr. (See id., Exhs. B-D, collectively, the "Guaranties"). Because the terms of the Guaranties that are material to the issues raised in this litigation are identical, this Court analyzes them together. Each of the Guaranties recites as follows regarding consideration:

> To induce Bank to make, extend, or renew loans, advances, credit, or other financial accommodations to or for the benefit of Borrower, which are and will be to the direct interest and advantage of the Guarantor, and in consideration of loans, advances, credit, or other financial accommodations made, extended, or renewed to or for the benefit of Borrower . . . Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank . . . the timely payment and performance of all liabilities and obligations of Borrower to Bank . . .

Id. at 1. Regarding liability, the Guaranties state:

2

> **GUARANTOR'S LIABILITY.** This Guaranty is a continuing and unconditional guaranty of payment and performance and not of collection. The parties to this Guaranty are jointly and severally obligated hereunder . . . .

Id. The Guaranties do not require a notice or demand in order for the Guarantors to be held liable for the full amount of the obligations. (See Doc. 21, Exhs. B, C, & D at 3) ("If a Default occurs, the Guaranteed obligations shall be due immediately and payable without notice").

Wachovia avers it sent to each of the Defendants a Notice of Default and Demand for Payment letter ("Letter") on October 9, 2008. (See Docs. 20 at C; 21, Exh. F). The Letter, which Plaintiff attached to its motion along with UPS tracking information (see Doc. 21, Exh. F), informed Defendants that the Loan was in default and demanded accelerated payment of principal, interest, late fees, and expenses totaling $100,645.83, plus interest accruing at the daily rate of $20.14 from October 10, 2008. (Id.) The Letter also specified a procedure through which the Defendants could submit an "Offer in Compromise" of the Loan. (Id.).

In support of the motion, Wachovia also submitted an affidavit from Daniel Shappy ("the Affidavit"), who avers that he is a "Special Assets Manager of Wachovia Small Business Capital, an affiliate of Wachovia Bank, National Association," with "responsibility for causing [Wachovia's] business records concerning [Horizon and the Guarantors] to be maintained . . . for servicing and collection." (Doc. 21, Exh. I, ¶ 1-2). The Shappy affidavit states that "Wachovia agreed to loan [Horizon] up to $100,000 pursuant to a revolving credit facility" and that the Borrower "executed a Promissory Note dated March 30, 2005, promising to repay any loans made under the revolving line of credit." (Id. ¶ 3). Shappy also testified that "[a]s an inducement for the loans to the Borrower, on March 30, 2005 [the Guarantors] executed separate Unconditional Guaranties . . . in favor of Wachovia, whereby the Guarantors guaranteed to Wachovia the payment and performance of the

3

Borrower in respect of the loans received by the Borrower." (Id. ¶ 4). That affidavit further recites that Horizon "received loans under the revolving line of credit and is in default of its payment obligations owed to Wachovia pursuant to the Note." (Id. ¶ 5). It also states that the Guarantors have also failed to pay their obligations to Wachovia and as such are in default under the Guaranties (id. ¶ 6). Shappy averred that, as a result, the "total indebtedness due and owing on the Note is $123,157.21, consisting of $100,000 in principal, $6,399.32 in accrued but unpaid interest, $1,034.64 in miscellaneous fees, and $15,723.25 in attorneys fees and expenses," plus $20.14 per diem interest for each date the Note remains unpaid from August 19, 2009. (Id. ¶ 7).

## II. Discussion

### A. Summary Judgment Standard

Summary judgment should be granted only if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).[2] The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment also always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

---

[2] Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56 (c).

absence of a genuine issue of material fact." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted). The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dep't of Children & Family Serv., 358 F.3d 804, 809 (11th Cir. 2004), cert. den., 534 U.S. 1081 (2005).

In considering an unopposed motion for summary judgment, the court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave, Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). The Eleventh Circuit has stated that "[t]he district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." Id. at 1101-02 (internal citation omitted).

**B.     Breach of Contract Claims**

The Loan and each of the Guaranties provide that these documents are to be "governed by and construed under the laws of the state named in the Bank's address on the first page hereof without regard to that state's conflict of laws principles." (Doc. 21, Exh. A-D at 4). The relevant state listed on the Loan and Guaranties is Florida. Accordingly, this court will apply Florida law to the substance of the dispute at bar.

Florida law provides that a maker's obligations pursuant to a promissory note are absolute. Hough v. State Bank of New Smyrna, 55 So. 462 (Fla. 1911). When a borrower defaults upon a secured loan, Florida law permits the lender to first sue for judgment on the note and if the judgment is unsatisfied to later foreclose upon its collateral. See Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So. 2d 659 (Fla. 1972) ("an unsatisfied judgment does not constitute a remedy and does not bar a foreclosure action").

Under Florida law, "[a] promissory note admitted into evidence is sufficient, without other extrinsic proof, to establish a prima facie case in an action on the note," and summary judgment is appropriate on the basis of such evidence where "there is no evidence of any release, waiver, novation, or discharge of the valid promissory note." White v. Bachner, 632 So. 2d 94 (Fla. Dist. Ct. App. 1994) (per curiam); see also Perez v. Rivero, 534 So.2d 914, 916 (Fla. Dist. Ct. App. 1988) (per curiam) (holding that a plaintiff who seeks to recover on a promissory note need only present the note itself as evidence in order to establish its prima facie case); Knauer v. Levy, 115 So. 2d 776, 777 (Fla. Dist. Ct. App. 1959) (promissory note is itself prima facie evidence of the existence of the debt, and no additional evidence of the present existence of the debt is necessary upon the case of the plaintiff); Haycock v. Ostman, 397 So.2d 743, 744 (Fla. Dist. Ct. App. 1981).

The Promissory Note, Daniel Shappy's Affidavit, and Defendants' Answer together establish that Horizon: executed the Loan; received $100,000 in proceeds pursuant to the Loan; defaulted upon the Loan; and has failed to satisfy the accelerated debt owed to Wachovia, despite Plaintiff's demand.  Horizon has not submitted any evidence or summary judgment argument that would contradict these findings.  Accordingly, the Court concludes that no genuine issue of material fact exists with respect to Wachovia's claim for breach of contract against Horizon.

A guaranty, "like any other contract, must be supported by consideration." Texaco, Inc. v. Giltak Corp., 492 So. 2d 812, 814 (Fla. Dist. Ct. App. 1986).  However, "[w]hen principal and guaranty contracts are executed as part of the same transaction, the consideration supporting the principal contract also supports the guaranty." Id.  A guarantor "of a promissory note is liable upon default, and the person to whom the guaranty is made is not required to first resort to the maker." Corcoran v. Martin, 202 So. 2d 16, 21 (Fla. Dist. Ct. App. 1967).  Thus, the guarantor of a promissory note may be held jointly and severally liable with its maker, although the "extent of the guarantor's liability depends upon the language of the guaranty itself." First Florida Bank, N.A. v. All World, Inc., 588 So.2d 284, 285 (Fla. Dist. Ct. App. 1991).

As noted above, the Promissory Note, Daniel Shappy's Affidavit, and Defendants' Answer together establish that Horizon: executed the Loan; received $100,000 in proceeds pursuant to the Loan; defaulted upon the Loan; and failed to satisfy the accelerated debt owed to Wachovia, despite Plaintiff's demand.  The Guaranties establish that each of the Guarantors are jointly and severally liable with Horizon for the payment and performance of the Promissory Note Horizon executed in favor of Wachovia.  The Guarantors have not submitted any evidence or summary judgment argument that would contradict these findings.  Accordingly, the Court concludes that no genuine

issue of material fact exists with respect to Wachovia's claims for liability arising from breach of contract against each of the Guarantors.

As to Plaintiff's claims for breach of contract, then, the Court finds that the Defendants are jointly and severally liable to Wachovia for the following: the $100,000 principal debt, $1,034.64 in miscellaneous fees, $6,399.32 accrued interest plus additional interest accruing at the per diem rate of $20.14 from August 19, 2009 through the date of this Court's Judgment.

### C. Attorneys' Fees

Plaintiff seeks the recovery of attorneys' fees pursuant to Florida law (Doc. 20 at 12), under which "[p]rovisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced," so long as they are clear and specific. Port-A-Weld, Inc. v. Padula & Wadsworth Constr., Inc., 984 So. 2d 564, 568 (Fla. Dist. Ct. App. 2008) (quoting Lashkajani v. Lashkajani, 911 So. 2d 1154, 1158 (Fla. 2005)); see also Sunrise GC, L.L.C. v. Sunrise Road Maintenance Assoc., Inc., 997 So.2d 433, 435 (Fla. Dist. Ct. App. 2009).

Both the Promissory Note and the Guaranties executed by Defendants provide for the recovery of reasonable attorneys' fees and costs in the event of default under the Loan. The Promissory Note states to that effect: "**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of Bank's reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses . . . ." And each of the Guaranties likewise recites: "**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Guarantor shall pay all of Bank's and its affiliates' reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses .

. . ."

These provisions are sufficiently clear and specific to warrant a grant of attorneys' fees and costs in favor of Wachovia for which the Defendants may be held jointly and severally liable. However, the Promissory Note and Guaranties also specify that Defendants are liable for "reasonable" expenses, including attorneys' fees, and the Court stops short of holding that the amount of attorneys' fees and costs requested by Plaintiff are "reasonable." See Doc. 21, Exh. A-D.

Plaintiff seeks to recover $14,535.50 worth of attorneys' fees for 63.30 hours worth of services rendered and $1,190.75 worth of expenses. The Florida Supreme Court has held that in order to facilitate a district court's efforts to "accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed [and . . .] claim only those hours that he could properly bill to his client." Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). The sole evidence that Wachovia has provided in support of these claims is the affidavit of counsel Glenn E. Glover, a partner in the Birmingham office of the law firm Bradley Arant Boult Cummings LLP. Doc. 21, Exh. H. Although the Promissory Note and Guaranties clearly provide for recovery of both attorneys' and paralegals' fees, the Glover affidavit fails to identify the titles of the individuals who rendered service to Wachovia in connection with this litigation. Nor does the Glover affidavit contain records listing the amount of time spent on each of the tasks with respect to which the claimed fees were incurred. The affidavit likewise fails to itemize the costs claimed.

The Court concludes that the representations contained in Glover's affidavit are insufficient to establish the reasonableness of the fees and expenses claimed. Plaintiff is granted leave to supplement the record by filing, on or before November 2, 2009, the sort of detailed records that

will permit this Court to fashion an award of reasonable attorneys' fees consonant with Florida law.

### III.     Conclusion

Wachovia's Motion for Summary Judgment (Doc. 19) is hereby **GRANTED**. The Defendants are jointly and severally liable to Wachovia for the $100,000 principal debt, $1,034.64 in miscellaneous fees, $6,399.32 accrued interest plus additional interest accruing at the per diem rate of $20.14 from August 19, 2009 through the date of this Court's Judgment, and reasonable attorneys' fees and collection/enforcement expenses.

Wachovia is hereby **GRANTED LEAVE** to supplement the record with evidence of the reasonableness of its claim for attorneys' fees and related expenses on or before **November 2, 2009.**

A **Judgment** consistent with the terms of this order **shall issue upon the resolution of Wachovia's claim for attorneys' fees and costs or**, if Wachovia fails to timely prosecute its claim for attorneys' fees and costs, **on November 3, 2009.**

DONE this the 23rd day of October, 2009.

               s/ Kristi K. DuBose
              KRISTI K. DuBOSE
              UNITED STATES DISTRICT JUDGE