IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **Civil Action No. 09-0072-KD-B** |
| **HORIZON WHOLESALE FOODS, LLC, WARREN DAY, LEONARD L. GILBERT, and JEFFREY F. PARR,** ) ) ) ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court upon the Amended Affidavit of Glenn E. Glover with Detailed Statement of Attorneys' Fees. (Doc. 26). For the reasons set forth herein, Plaintiff's request for attorneys' fees and related expenses set out in the Motion for Summary Judgment (Doc. 22) is **GRANTED in part** and **DENIED in part** as set forth herein, and Defendants are jointly and severally liable to Wachovia in the amount of $16,037.35, which represents the total of $14,820.50 in reasonable attorneys' fees and $1,216.85 in collection/enforcement expenses.

**I.    Background**

Plaintiff initiated this litigation by filing a Complaint in this Court on February 13, 2009 (Doc. 1) and an Amended Complaint on March 26, 2009 (Doc. 11). Wachovia alleged that Defendants were liable for breach of contract arising from Horizon Wholesale Foods, LLC ("Horizon" or "Borrower")'s default upon a $100,000 revolving line of credit ("the Loan") that was personally guaranteed by Warren Day, Leonard L. Gilbert, and Jeffrey F. Parr (collectively, the "Guarantors"), each of whom is also a member of Horizon. (Docs. 11, 12). This Court's jurisdiction

obtains pursuant to 28 U.S.C. § 1332.  (Id.).  This Court previously granted summary judgment in favor of Wachovia and against Defendants for $100,000 principal debt, $1,034.64 in miscellaneous fees, $6,399.32 accrued interest plus additional interest accruing at the per diem rate of $20.14 from August 19, 2009 through the date of judgment, and reasonable attorneys' fees and collection/enforcement expenses.  (Doc. 25).

The existence and terms of the Loan that forms the source of Defendants' principal obligation to Plaintiff are evidenced by a Promissory Note dated March 30, 2005.  See Doc. 21, Exh. A.  The Loan was unconditionally guaranteed by three individuals—Warren Day, Leonard L. Gilbert, and Jeffrey Parr—pursuant to three separate but materially identical documents, each labeled "Unconditional Guaranty," and each dated March 30, 2005.   (See id., Exhs. B-D, collectively, the "Guaranties").  This Court analyzes the Guaranties in tandem.

Both the Promissory Note and the Guaranties executed by Defendants provide for the recovery of reasonable attorneys' fees and costs in the event of default under the Loan.  The Promissory Note states to that effect: "**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.**  Borrower shall pay all of Bank's reasonable expenses incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses . . . ."  And each of the Guaranties likewise recites:  "**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Guarantor shall pay all of Bank's and its affiliates' reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses . . ."

This Court previously concluded that these provisions are sufficiently clear and specific to

warrant a grant of attorneys' fees and costs in favor of Wachovia for which the Defendants may be held jointly and severally liable. (Doc. 25). However, the Court concluded that representations made by Plaintiff's counsel in connection with the motion for summary judgment were insufficient to establish the reasonableness of the fees and expenses claimed, and granted Plaintiff leave to supplement the record by filing detailed records that would allow the Court to fashion an award of reasonable attorneys' fees consonant with Florida law. (Id.). In response, Plaintiff timely filed Glenn Glover's amended affidavit and the accompanying detailed statement of attorneys' fees. (Doc. 26). The Court granted Defendants leave to file a response to Plaintiff's request for fees and costs. (Doc. 27). That deadline has passed, and the Defendants have not responded.

## II.   Analysis

### A.   Attorneys' Fees

#### 1.   Standard

Plaintiff seeks to recover $19,891.00 worth of attorneys' fees. (Id.). As alluded to above, each of the provisions entitling Plaintiff to attorneys' fees and expenses contains a requirement that such charges be "reasonable." Contractual provisions regarding attorneys' fees are generally enforced according to their terms. See Port-A-Weld, Inc. v. Padula & Wadsworth, 984 So.2d 564, 567 (Fla. Dist. App. Ct. 2008) (giving effect to a "relatively unique" provision stating that "a party shall not be considered as a 'prevailing party' [for purposes of determining liability for attorneys' fees] if its recovery shall be less than 75% of its claim amount"). Accordingly, this Court must give effect to the "reasonableness" term found in each of the agreements to pay fees and expenses.

Florida's Supreme Court has explained regarding reasonableness assessments that, "in computing an attorney fee, the trial judge should (1) determine the number of hours reasonably

expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; and (3) multiply the result of (1) and (2) . . . ." Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985).   And in assessing the reasonableness of the hours expended and the reasonable hourly rate, the Court is guided by factors contained in Rule 4-1.5(b)(1) of the Florida Rules of Professional Conduct, including:

> (A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
> (C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
> (D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
> (E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
> (F) the nature and length of the professional relationship with the client; [and]
> (G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services . . . .

Id.; see also Bank of New York v. Williams, 979 So. 2d 347, 348 (Fla. Dist. Ct. App. 2008) (citing Florida Patient's Comp. Fund, 472 So. 2d 1145; Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990).

### 2. Recoverable Time

In support of its claims, Plaintiff submits the amended affidavit (Doc. 26) ("the amended affidavit") of counsel Glenn E. Glover ("Glover"), a partner in the Birmingham office of the law firm Bradley Arant Boult Cummings LLP ("the firm") and attaches copies of six of the firm's bills describing fees and expenses that Glover represents were actually incurred on behalf of Wachovia

through August 31, 2009 (Doc. 26 at ¶ 4 & Exh 1), a copy of the firm's "pre-bill" describing fees and expenses that Glover represents were actually incurred on behalf of Wachovia from September 1, 2009 through October 30, 2009 (Id. at ¶ 5 & Exh. 2), and a summary of the hourly rates and hours, organized by timekeeper, through October 30, 2009 for each timekeeper whose work is reflected on the bills and pre-bill.  (Id. at ¶ 6 & Exh. 3).   The total hours charged by each timekeeper are as follows:

        Attorney Glenn E. Glover     11.2 hours

        Attorney Rashad L. Blossom  65.90 hours

        Paralegal Renee Pearce       10.20 hours

(Id.)

Florida courts hold that fees may not be awarded for time spent "litigating the amount of attorney's fees" even when the client is contractually liable to counsel for the value of such services, reasoning that such efforts "inure[] solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment."   Oquendo v. Citizens Prop. Ins. Corp., 998 So.2d 636 (Fla. Dist. Ct. App. 2008) (applying State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla. 1993) and citing Paladyne Corp. v. Weindruch, 867 So.2d 630, 634 (Fla. Dist. Ct. App. 2004); Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13, 14-15 (Fla. Dist. Ct. App. 2003); Mangel v. Bob Dance Dodge, Inc., 739 So. 2d 720, 724 (Fla. Dist. Ct. App. 1999).  The pre-bill reflects that timekeeper Rashad Blossom logged eight tenths of an hour's time for "Work regarding record supplement for attorneys' fees" on October 30, 2009. Compensation for such time is not recoverable under Florida law and Blossom's total hours are accordingly reduced from 65.90 to 65.10.

In all other respects, and in light of the factors outlined in Florida Rule of Professional

Conduct 4-1.5(b)(1), the total number of hours expended by the timekeeping attorneys and paralegal are reasonable and commensurate with the results obtained in this case. Although certain of the services billed—title searches, for example—were obviously undertaken in an effort to procure settlement rather than in furtherance of litigation, reimbursement for such expenses is contemplated by the Promissory Note and Guaranties, each of which provides that the Defendants "shall pay all of Bank's reasonable expenses incurred to enforce or collect any of the Obligations, including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses . . . ." Such language encompasses fees and expenses incurred in connection with out-of-court efforts to enforce or collect upon the Loan, including efforts to settle the dispute.

### 3. Reasonable Rates

In the amended affidavit, attorney Glover represents that he is "familiar with the fees and expenses charged by Bradley Arant to its clients and . . . [is] generally familiar with the rates and fees charged by other firms in Northern and Central Alabama [] for similar civil litigation." (Doc. 26 at ¶ 3). Glover goes on to affirm that "[t]he rates and fees charged to Wachovia are consistent with the rates and fees routinely charged by other firms in Northern and Central Alabama, for work on civil litigation such as that involved here, for attorneys of reasonably comparable skill, experience, and reputation." Id. However, the amended affidavit does not contain any information regarding "the fee, or rate of fee, customarily charged in the locality"—that is, the Southern District of Alabama— "for legal services of a comparable or similar nature." See Florida Rule of Professional Conduct 4-1.5(b)(1)(C).

Glover represents in the amended affidavit that he is a partner with the firm. (Doc. 26 at ¶ 1). And page 4 of a invoice submitted by Plaintiff's counsel and dated June 19, 2009 identifies

Glover by "Rank" as "Partner" and Blossom as "Associate." (Id., Exh. 1). Other than their individual billing rates—$270/hour for Glover, $235/hour for Blossom, and $165/hour for legal assistant Renee Pearce—there is no additional record evidence regarding the relative experience levels of the Bradley Arant attorneys and paralegal who billed time representing Wachovia in connection with this dispute. (See Doc. 26, Exhs. 1–3).

Recently, this Court, relying on its own familiarity with local attorneys' fees and expertise in setting such appropriate hourly rates, found that $225/hour was a reasonable hourly rate for an attorney with approximately twelve years of experience, a $200/hour rate was appropriate for counsel with approximately seven years of experience, and a rate of $150/hour was appropriate for attorneys with one or two years' experience. See Mitchell Co., Inc. v. Campus, Civ. Action No. 08-342-KD-C, 2009 WL 2567889 at *1 & * 17-18 (S.D. Ala. Aug. 18, 2009); see also profiles of Carlton Fields attorneys Nancy C. Ciampa, M. Derek Harris, Gregory G. Schlich, and Jennifer K. Coalson, available at www.carltonfields.com (last visited November 3, 2009). The Court, again relying on its own expertise, further found that $100.00 per hour represented a reasonable hourly paralegal rate in the Southern District of Alabama. Mitchell Co., Inc., 2009 WL 2567889 at * 19.

Accordingly, having considered all of the relevant factors laid out in Florida Rule of Professional Conduct 4-1.5(b)(1), this Court concludes that reasonable hourly rates for the three timekeepers who billed for services rendered in connection with this dispute are as follows:

    Attorney Glenn E. Glover   $215/hour[1]

    Attorney Rashad L. Blossom  $175/hour

---

[1] See profiles of Bradley Arant attorneys Glenn E. Glover and Rashad L. Blossom, available at www.babc.com (last visited November 30, 2009), suggesting that the attorneys have been practicing for as many as nine years and as many as four years, respectively.

       Paralegal Renee Pearce               $100/hours

    **4.**    **Total Liability for Fees**

Therefore, under the terms of the Loan and Guaranties and Florida law, Defendants are liable to Plaintiff for $14,820.50 worth of reasonable attorneys' fees. The chart below illustrates the values and calculation used to arrive at this figure:

| Timekeeper | Reasonable Rate | Reasonable Hours | Defendants' Liability (Rate x Hours) |
|---|---|---|---|
| Glenn E. Glover | $215/hour | 11.2 | $2,408 |
| Rashad L. Blossom | $175/hour | 65.1 | $11,392.50 |
| Renee Pearce | $100/hour | 10.2 | $1,020 |
|  |  | **TOTAL** | $14,820.50 |

    **B.**    **Costs**

Plaintiff seeks to recover $1,216.85 worth of expenses. Under Florida law, the "appropriate assessment of costs in any particular proceeding remains within the discretion of the trial judge." *In re* Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 614 (Fla. 2005). Specifically, Plaintiff asks the Court to tax the following costs against Defendants: (1) $159.45 for 1063 copies (@ $0.15/page); (2) $7.40 for postage; (3) $350.00 filing fee; (3) a total of $700 for three title searches. (See Doc. 26, Exh. 1-3). Considering Glover's representations in the amended affidavit and the Court's knowledge and experience concerning reasonable and proper costs, the undersigned concludes that all of the claimed expenses are recoverable.

**III.**    **Conclusion**

Plaintiff's request for attorneys' fees and related expenses set out in the Motion for Summary Judgment (Doc. 22) and Amended Affidavit for Attorneys' Fees (Doc. 26) is hereby **GRANTED**

**in part** and **DENIED in part**, as set out above.  Defendants are jointly and severally liable to Wachovia for $14,820.50 in reasonable attorneys' fees and $1,216.85 in collection/enforcement expenses, for a total of $16,037.35 in addition to those amounts awarded in this Court's order dated October 23, 2009.  (Doc. 25).

A **Judgment** consistent with the terms of this order and this Court's order of **shall issue** contemporaneously herewith.

DONE this the 8th day of December, 2009.

                                     s/ Kristi K. DuBose
                                     KRISTI K. DuBOSE
                                     UNITED STATES DISTRICT JUDGE