IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Civil Action No. 09-0072-KD-B |
| HORIZON WHOLESALE FOODS, LLC, WARREN DAY, LEONARD L. GILBERT, and JEFFREY F. PARR, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This action is before the Court on the motion for relief from judgment filed by defendants Horizon Wholesale Foods, LLC, Warren Day, Leonard L. Gilbert, and Jeffrey F. Parr (doc. 32). Defendants assert that their counsel of record "failed to receive any notices from the Court, including but not limited to the Court's Show Cause Order" and the "Plaintiff's Motion for Summary Judgment." (*Id*. p. 1).  The motion is supported by the affidavits of defense counsel Mark J. Upton and Jonathon R. Law wherein they state that after the parties' planning meeting neither the attorneys nor their staff received any notices, although they both state that they were properly registered with the Court's CM/ECF system.

A review of the docket indicates that although Upton participated in the parties' planning meeting and the filing of the Report of Parties' Planning Meeting (doc. 13), Upton was not added to the designation of counsel and consequently, neither he nor his staff were included in delivery of service by way of the Court's CM/ECF system.  The Notice of Electronic Filing for the Report (doc. 13)  and the Rule 16(b) Scheduling Order (doc. 14, entered May 8, 2009), show that notice

was electronically mailed to Jonathon R. Law at jrl@dupm.com and to jayne@dupm.com, but not to Upton or his staff.

A review of the Notices of Electronic Filing for documents filed after entry of the Rule 16(b) Scheduling Order, shows that approximately a dozen notices were sent electronically to Jonathon R. Law at jrl@dupm.com and to jayne@dupm.com. In other words, between the two, at least twenty-four notices were sent.

Nothing in the Court's docket indicates that the electronic notices were not delivered or undeliverable. At present, the Court has not sought any further investigation by the information technology department or by the Clerk designated with oversight of the CM/ECF system.

Also, the Certificate of Judgment (doc. 30) and the Clerk's Certification of a Judgment to be Registered in Another District (doc. 31) were mailed to Jonathon R. Law, P. O. Box 1800, Daphne, Al 36526-1800, in April of 2010. Nothing in the docket indicate that these letters were returned as undeliverable.

Additionally, the Plaintiff's Statement Regarding Settlement Potential (doc. 23) filed on September 30, 2009, after the motion for summary judgment was filed and the order setting deadlines had been entered, states as follows:

> 1. On September 1, 2009, Plaintiff's counsel submitted a letter to Defendants' counsel in an effort to arrange an in-person settlement conference in accordance with the Scheduling Order. Plaintiff's counsel never received a response to the letter from Defendants' counsel.
>
> 2. Since that time, Plaintiff's counsel called and left a message with Defendants' counsel. Plaintiff's counsel did not receive a return call or any communication whatsoever from Defendants' counsel.
>
> 3. Accordingly, settlement negotiations are not taking place, and Plaintiff's counsel does not believe that this matter has settlement potential.

(doc. 23).

In consideration of the Statement, Magistrate Judge Sonja F. Bivins entered an order

wherein defendants were ordered to show cause why they should not be held in contempt for failure to comply with the Court's Rule 16(b) Scheduling Order which required the parties to confer and submit a joint Statement Regarding Settlement (doc. 24).  This order was sent electronically to Jonathon R. Law at  jrl@dupm.com and to jayne@dupm.com.

Accordingly, upon consideration of the foregoing, defendants shall provide additional briefing on or before **September 15, 2011**, to further explain why the motion for relief from judgment should be granted.  Upon receipt of the brief, Plaintiff shall file any reply on or before **September 29, 2011.**

The Clerk is directed to mail a copy of this order to Jonathon R. Law and Mark J. Upton, individually, by certified mail, return receipt requested, restricted delivery to the addressee, in addition to service by the CM/ECF system.   In that regard, the Clerk is also directed to take the steps necessary to properly add Mark J. Upton as counsel of record for defendants such that he shall also receive electronic notification.

**DONE** and **ORDERED** this the 8th day of September, 2011.

 s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE